# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY<br>2 North Second Street<br>Harrisburg, PA   17101, | CIVIL ACTION – LAW |
| Plaintiff | CASE NO. _____ |
| v. | |
| BROTHERS SERVICES COMPANY<br>d/b/a BROTHERS ROOFING COMPANY<br>111 Hanover Pike<br>Hampstead, MD   21076, | |
| Defendant | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Pennsylvania National Mutual Casualty Insurance Company ("Penn National"), by and through its attorneys, Thomas, Thomas & Hafer, LLP, files this Complaint for Declaratory Judgment against Defendant, Brother Services Company d/b/a Brothers Roofing Company ("Brothers") and alleges as follows:

1.   Penn National is a mutual insurance company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 2 North Second Street, Harrisburg, Pennsylvania 17101.

2.   Defendant Brothers is a Maryland corporation with its principal place of business at 111 Hanover Pike, Hampstead, Maryland  21074.

3. This action for declaratory judgment is brought by Penn National pursuant to 28 U.S.C. §§ 2201-2202 in order to determine the parties' rights and responsibilities under an insurance contract between Penn National and Brothers.

4. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391 in that the Penn National Policy was issued to Brothers in this district.

5. Penn National issued a Commercial General Liability Policy to Defendant Brothers bearing Policy No. CX9 0086566, which was in effect from 1999 through May 1, 2008 and Policy No. CX9 0647505 which was in effect from May 1, 2008 through May 1, 2011 (collectively the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit A.

6. A controversy exists among the parties concerning the respective rights and liabilities under the Policy.

7. It is alleged upon information and belief that Defendant Brothers entered into a subcontracting agreement ("agreement") on October 22, 2002, in which Brothers agreed to construct the roofing system at Lakeside at Town Centre Condominiums in Columbia, Maryland ("Lakeside").

8. It is alleged upon information and belief that Brothers installed the roofing system at Lakeside.

9. Upon information and belief, Ryland contends that following the completion of the project, the roofing system began to leak, allowing water to infiltrate into the interior of the Lakeside building.

10. On or about June 4, 2010, Ryland filed a civil action in the Circuit Court for Howard County, Case No. 13-C-10082860 ("the underlying action") against Brothers alleging that Brothers was responsible for the failure of the roofing system. A true and correct copy of the Complaint in the underlying action is attached hereto as Exhibit B.

11. Ryland has stated claims against Brothers in the underlying action for breach of contract and negligence.

12. In the underlying action, it is alleged that Brothers contracted to construct the roofing system in strict conformity with generally accepted building practices, with new materials, in a good and workmanlike manner, free from defects. It is further alleged in the underlying action that Brothers would repair any defect in the roofing system due to faulty or unacceptable material or workmanship or not in compliance with the plans and specifications for the project.

13. It is further alleged in the underlying action that Brothers refused to make repairs it was obligated to make under its agreement with Ryland and that it further breached the agreement by failing to provide construction services in a good and workmanlike manner, free from defects and in conformity with generally accepted building practices.

14. In the underlying action, it is further alleged that Brothers was negligent in its installation of the roofing system and in its repairs to the roofing system by its failure to:

    1. Construct the roofing system in compliance with all applicable laws, codes and standards;

    2. Identify and correct flaws in the installation of the roofing system and take steps necessary to prevent future defects;

    3.    Assure that the roofing system was capable of withstanding the precipitation and other weather conditions to which it would be subjected; and

    4.    Assure that proper quality control and quality assurance steps were implemented in constructing the roofing system.

15.    Ryland alleges in the underlying action that as a result of Brothers' breach of contract and negligence, Ryland has suffered direct and consequential damages and economic loss.

16.    Defendant Brothers tendered the underlying action to Plaintiff Penn National asserting a right to a defense and potential coverage under the Policy.

17.    A dispute exists between Penn National and Brother as to whether Brothers is entitled the coverage under the Policy with respect to the claims brought against it by Ryland.

18.    Penn National provided notice to Brothers that coverage may not exist under the Policy for the damages asserted by Ryland against Brothers in the underlying action but Penn National has been providing a defense to Brothers subject to reservations of rights as set forth in the letter attached hereto as Exhibit C.

19.    Plaintiff Penn National alleges that coverage does not exist under the Policy for all of Brothers' alleged liability to Ryland in that coverage exists only for legal liability for property damage or bodily injury caused by an "occurrence," which term is defined in the Policy as "an accident." In this regard, the Policy provides in pertinent part as follows:

## SECTION I – COVERAGES

## COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

        (1) The amount we will pay for damages is limited as described in Section III-Limits of Insurance; and

        (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in payment of judgments or settlements under Coverage's **A** or **B** or medical expenses under Coverage **C**.

        No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments-Coverage's **A** and **B**.

    b. This insurance applies to "bodily injury" and "property damage" only if:

        (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

20. Penn National alleges that the alleged performance by Brothers of work in an improper or defective manner is not an "occurrence" under the Policy.

21. In addition, coverage may not exist under the Policy pursuant to certain exclusions contained in the Policy, including but not limited to the following:

**2.   Exclusions**

This insurance does not apply to:

    b.    Contractual Liability

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages.

    (1)    That the insured would have in the absence of the contract or agreement; or

    (2)    Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage" provided:

    (a)    Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

    (b)    Such attorneys fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

    j.    Damage to Property

"Property damage" to:

\* \* \* \* \* \*

    (5)    That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if

        the "property damage" arises out of those operations; or

(6)    That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\* \* \* \* \* \*

l.    Damage To Your Work

"Property damage" to "your work" arising of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

\* \* \* \* \* \*

## FUNGI OR BACTERIA EXCLUSION

A.    The following exclusion is added to Paragraph **2.**, Exclusions of **Section I – Coverage A – Bodily injury and Property Damage Liability:**

**3.    Exclusions**

This insurance does not apply to:

**Fungi or Bacteria**

a.    "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other causes, event, material or product contributed concurrently or in any sequence to such injury or damage.

b.    Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in

> any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

22.   By this action, Penn National seeks a determination that there is no coverage or potential coverage and that Penn National owes no defense or indemnity to Brothers for the claims raised against it in the underlying action.

WHEREFORE, Pennsylvania National Mutual Casualty Insurance Company respectfully requests that the Court enter judgment in its favor and issue a declaratory judgment that Defendant Brothers Services Company d/b/a Brothers Roofing Company is not entitled to coverage under Penn National Insurance Company Policy issued to it with respect to those claims made against it in the underlying action.

Respectfully submitted,

THOMAS, THOMAS & HAFER, LLP

_____
Charles B. Peoples, Esquire
ID 29306
Woodholme Center, Suite 200
1829 Reisterstown Road
Baltimore, Maryland   21208
410-653-0460
410-484-2967 - facsimile
cpeoples@tthlaw.com